The Supreme Court affirmed the decision ol the court below, on March 29th, 1879, in the following opinion,
Per Curiam.
We find no error in the decree. The appellant was not entitled to any preference under the act of April 9th, 1872, P. Laws 47, upon the construction given to that act. “Other business” in the act evidently means other business of like character with those specified. The auditor was right in not allowing the appellant rent for the entire building, of which he only occupied a part. So also as to payment on account of rent, for which he produced no voucher, and which was denied by the landlord. As to the proceeds of the mules — paid on account of rent — the auditor found that they were the property, not of the assignee, but of the assign- or, and as they were not included in the inventory, if the appellant was credited with the payment, he should be surcharged with the proceeds, so that the result is the same.
Decree affimed, and appeal dismissed at the cost of the appellant.
After the record was returned, the court made an order to pay to the several parties entitled the several amounts due to them, as per the auditor’s report. On the failure to pay these sums as ordered, the court granted an attachment, and J. P. Jacoby was sent to jail for contempt, in not obeying the order of the court. He then presented his petition for a discharge under the insolvent law, but the court refused his discharge in the following opinion, per
*353 Pershing, P. J.
On the 15th of November, 1880, James P. Jacoby presented his petiton to the court, setting forth that he was in custody by virtue of an attachment for a contempt, issued on the 18th day of May, 1880, at the instance of several distributees of the assigned estate of G-. G. Jacoby & Oo., of which the said James P. Jacoby was the assignee. His prayer was that he might be permitted, in order to procure his discharge to give bond to the several distributees of the assigned estate of G. G. Jacoby & Co. * * * in such amount and with such security as might be approved by the court, agreeably to the provisions of the insolvent laws of the Commonwealth. The bond accompanying the petition contained the usual condition that the petitioner would ap. pear at the next term of court, and there present his petition for the benefit of the insolvent laws, and if he failed to obtain his discharge, that he should surrender himself to the jail of the county, &c. On the filing of the petition the court granted aruleto show cause why its prayer should not be granted. The discharge of the petitioner is resisted by the creditors for whose benefit Jas. P. Jacoby was made assignee.
This application is in all respects similar to that in Posenbach’s case, reported in 34 Leg. Int. 305. Posenbach, who was the guardian of several minors, was ordered by the court to pay over the moneys belonging to them to his successor in the guardianship . On his failing to comply an attachment was issued for contempt, and he went to prison. Posenbach then petitioned to be dis - charged from confinement upon his giving a bond with sufficient security, conditioned for his taking the benefit of the insolvent laws at the next term of court. A rule granted by the court to show cause was made returnable Oct. 30,1875, and discharged Sept. 26,1876, on the ground that the insolvent laws afforded no relief for an insolvent debtor in such a case. On appeal the Su - preme Court affirmed the proceedings in a per curiam opinion a s follows: “There is no case upon this record to raise the questi on argued before us. The application to give bond merely is not an application for a discharge from liability to imprisonment unde r the insolvent laws. It is but a provision for a temporary discharge while the proceedings are in progress.”
*354 In ex parte Blumer, 5 Norris, 371, relied on by counsel who resist the present application, there was a formal petition for discharge under the insolvent laws, with the statements of indebtedness, &c., as is required by Sec. 9 of the Act of 16 June, 1836, P. Laws 733; Pur. Dig. 895, pl. 17. Until James F. Jacoby sees proper to present a similar petition it is unnecessary to inquire how far Blumer’s case will control in the disposition to be made of it by the court. Ilis position before us does not entitle him to any relief beyond what he has a right to demand under the letter of the law. Pule for his discharge on filing a bond discharged.